STATE of Missouri, Respondent,

v.

Hubert Leroy DeCLUE, Appellant.

No. 38406.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 17, 1977.

---

McIlrath, Black & Williams, Flat River, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Albert G. Tindall, Pros. Atty., Washington County, Potosi, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant Hubert L. De-Clue guilty of tampering with a motor vehicle (§ 560.175, RSMo 1969) and fixed his punishment at two years' imprisonment. He appeals, contending the court erred in giving the state's verdict director MAI–CR 7.80 without including permissive paragraph Third: "That he did not tamper with such vehicle in the honest belief that Bobby Warden owned said car or had permission of the owner."

The issue before us is whether the "honest belief" paragraph was supported by evidence that defendant "acted in good faith in the honest belief . . . that he had the permission of the owner." (Note on Use to MAI–CR 7.80). We say no.

The essential evidence: Carl and Janet Wright's parked and locked car was stolen at night from in front of their home. The next morning Sheriff Richards went to defendant's residence to look for Wright's car and found it partly stripped in a wooded area on his property.

Sheriff Richards testified: Defendant told him Robert Warden, a brother of car-owner Janet Wright, had asked defendant if he could bring a car onto his property; that defendant gave Warden permission and about 4:30 in the morning Warden drove the car onto the back of his property; that about 10:00 o'clock he went back there and saw Warden with the partly disassembled car; that he told the sheriff he got his tool box and helped Warden further disassemble the car because he knew that if he helped Warden he would "get more money out of him." The sheriff asked defendant if he knew the car had been stolen and he said, "Yes," but that he did not steal it.

The defendant denied making these statements and testified: He saw the car go by his house about 4:30 in the morning; that about 10:00 o'clock he went to the woods in back of his house and saw Warden disassembling the car. When asked, "And did you know that the car was stolen?" defendant answered, "No, sir."

Defendant does not challenge the sufficiency of the state's evidence, nor the propriety of paragraphs First and Second of MAI–CR 7.80 submitting that defendant tampered with the Wright's car without their permission. He contends only that the evidence entitled him to exculpatory paragraph Third submitting his honest belief that Warden owned the car or had the Wright's permission to disassemble it.

The state's evidence that defendant knew the car was stolen refutes his "honest belief" contention. We look to defendant's own evidence for support and find only his testimony that he did not know the car was stolen. This negative evidence falls short of the requirement that defendant acted in good faith in the honest belief that Bobby Warden owned the car, or had the Wright's permission to possess and disassemble it. The trial court did not err in giving MAI–CR 7.80 without paragraph Third.

Judgment affirmed.

DOWD and WEIER, JJ., concur.